| 88 | 251 |
| 126 | 565 |
| 88 | 251 |
| 176 | 79 |
| 88 | 251 |
| 191 | ²508 |

## ELIZABETH GAUCH

*v.*

## THE ST. LOUIS MUTUAL LIFE INSURANCE COMPANY.

1. CONTRACT—*who meant by "legal heirs" in policy of insurance.* A policy of life insurance, payable to the "legal heirs" of the person whose life is insured, when he leaves children at his death, is payable to them. His widow, in such case, is not included in the words as an heir.

2. The words "legal heirs" of a person, in a devise or policy of insurance, will be held to mean those to whom the law would give his property, real and personal, if he should die intestate.

3. It is the actual capacity of inheritance at the time of the death of the owner of property, and not the fact that a particular person might have inherited from him under a state of fact which did not exist, that determines who is heir.

4. DESCENTS—DOWER—*heirship, as between husband and wife, construed.* The provision in the chapter of Revised Statutes of 1874 entitled "Descent," that "when there is a widow or a surviving husband, and also a child, etc., of the intestate, the widow or surviving husband shall receive, as his or her absolute personal estate, one-third of all the personal estate of the intestate," was not intended to make the widow or husband an heir of the intestate, but to define what shall be taken as dower.

5. Section 10 of ch. 41, Rev. Stat. of 1874, entitled "Dower," which makes a devise of lands or an interest therein bar dower, unless the will is renounced, has no reference to the rights of the husband or wife as *heir* to each other, but solely to their rights as widow or surviving husband.

6. One entitled to dower, or an interest in the nature of dower, or any allowance of personal property, because of survivorship as husband or wife, is not included within the legal definition of the word "heir."

7. Where a person holding a policy of insurance on his life, payable to his "legal heirs or assigns," by will bequeathed the same to his children, while it was conceded that the bequest did not operate as a valid assignment to the children, yet it was *held*, that they took as heirs, to the exclusion of the widow renouncing the will and claiming one-third of the sum in the policy.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. W. C. KNEFFNER, and Mr. JAMES M. DILL, for the appellant.

Mr. J. B. HAY, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Christian Gauch obtained a policy of insurance on his life, from the St. Louis Mutual Life Insurance Company, of $5000, for the benefit of and payable to "his legal heirs or assigns." By his last will and testament, among other bequests, Gauch bequeathed this policy to his children. He died, leaving surviving him a widow and eight children. His widow renounced, in conformity with the provisions of the statute, the benefit of

the bequests and devises made her by the will, and elected to take, in lieu thereof, her dower and legal share in the estate. Two-thirds of the amount due upon the policy were paid to the children of Gauch. The remaining third is claimed both by the widow and the children; and the insurance company filed its bill of interpleader to determine the rights of the respective claimants, and ascertain to whom this balance should be paid.

The court below decreed that the children were entitled to the entire amount called for by the policy, and, consequently, that the unpaid balance due on the policy should be paid to them; and from that decree this appeal is prosecuted by the widow.

Assuming, as is tacitly conceded by counsel for appellee, that the bequest of the policy, by the last will and testament of Gauch, did not operate as a valid assignment to the children, the question to be determined is, does the term "legal heirs," as used in the policy, include the widow?

Appellant's counsel refer to *Rawson et al.* v. *Rawson et al.* 52 Ill. 62, and *Richards* v. *Miller*, 62 id. 417, as sustaining the affirmative of the question.

In those cases, the deceased left no child or children nor descendants of child or children surviving; and hence the widow in the first case, and the husband in the last case, occupied the relation to the deceased which entitled them to one-half of the real estate, and the whole of the personal estate, upon renouncing the benefits of the bequests and devises of the respective wills. In those cases, the husband and wife, respectively, were held to be heirs at law, under the existing facts. Had there been a child or children or descendants of a child or children surviving, however, it is evident it could not have been held they were heirs at law, on the grounds stated in the opinions, for, in that contingency, the child or children, or descendants of child or children, would have been entitled to the property, subject to the claim of dower in the real estate,

and the claim for one-third of the personal property of the surviving husband or wife.

In certain contingencies, brothers, sisters, parents, and even kindred in the remotest degree, are heirs at law; but it would be absurd in the extreme to suppose that an individual having children, who should devise and bequeath his property to his "legal heirs," intended all his kindred should take. · The legal presumption, in such case, would clearly be, that he intended those to whom the law would give his property— real and personal—he dying intestate; and hence it is the actual capacity of inheritance, at the time of the death of the owner of the property, and not the fact that a particular person might have inherited from him under a state of facts which did not exist, that determines who is heir.

It is plain the widow here did not take as did the parties in *Rawson et al.* v. *Rawson et al.*, and *Richards* v. *Miller, supra,* because Gauch left children surviving him, and she can not, therefore, be declared "legal heir" upon the grounds upon which the wife in the one case and the husband in the other were there so declared.

But reliance is placed by counsel for appellant on this language, found in the Revised Statutes of 1874, in the fourth clause of § 1 of chap. 39, entitled "Descent:" "When there is a widow or a surviving husband, and also a child or children, or descendants of such child or children of the intestate, the widow or surviving husband shall receive, as his or her absolute personal estate, one-third of all the personal estate of the intestate." So far as this affects the widow, it is not of recent enactment. The only new feature in it is that recognizing the same right of the husband in respect to the wife's estate that the wife has in respect to that of the husband; and this was, obviously, to harmonize with the statute abolishing tenancy by the curtesy and giving the husband dower in the lands of the deceased wife, the same as the wife has in the lands of the deceased husband. See Rev. Stat. 1874, chap. 41, title, Dower, § 1. The provision was first enacted in section

6 of " An act to amend an act concerning wills," approved February 11, 1847. (Laws of 1847, p. 168.)

The section then read thus: "The word ' dower,' as used in the 46th section of the 109th chapter of the Rev. Stat., entitled ' Wills,' shall be construed to include a saving to the widows of persons dying intestate, of one-third of the personal estate forever, after the payment of debts."

Section 46 of the Revised Statutes of 1845, which was thus amended, declares how estates of intestates shall descend. Rev. Stat. 1845, p. 545.

In *Rawson et al.* v. *Rawson et al., supra,* it was argued that this amendment repealed so much of the section amended as gave to the widow of an intestate who left no child or children or descendants of child or children surviving, one-half of the real, and the whole of the personal estate, but this court said: " It is very apparent, we think, that this act is treating of a widow entitled to dower, not as an heir under the 46th section, under which the claim in question is presented. The only subject before the legislature, when this amendatory act was passed, was, the rights of the widow as such. It was not designed to abridge her rights as an heir, under the statute of descents, but to enlarge her dower rights." If that was the object and effect of that enactment then, it can hardly be seriously claimed that the revision of 1874 has changed it.

That it was intended to be used in the same sense in the revision of 1874 is, we think, further obvious from the 10th section of chap. 41 of that revision, entitled " Dower," which provides: " Any devise of land or any estate therein, or any other provision made by the will of a deceased husband or wife for a surviving wife or husband, shall, unless otherwise expressed in the will, bar the dower of such survivor in the lands of the deceased, unless such survivor shall elect to and does renounce the benefit of such devise or other provision, in which case he or she shall be entitled to dower in the lands and to one-third of the personal estate after the payment of debts."

Now, this very clearly has no reference whatever to the rights of the husband and wife as *heir* to each other, but solely to their rights as *widow* or *surviving husband*. And this is placed beyond cavil by the 12th section of the same act, which exclusively relates to cases where, under the statute, the one inherits from the other, and a will has been made.

" The word "heir" has a technical signification, and we must presume that, in the policy, the term " legal heirs" was used in its strict and primary sense, there being nothing in the context to show that it was used in any other sense. It was said in *Richards* v. *Miller, supra,* " the word heir, when uncontrolled by the context, designates the person appointed by law to succeed to the real estate in question in case of intestacy;" referring to 2 Jarman on Wills, 1. Jacobs says, " heir is he who succeeds, by descent, to lands, tenements and hereditaments, being an estate of inheritance." We know of no respectable authority, and venture there is none, holding that one entitled to dower or an interest in the nature of dower, or any allowance of personal property only, because of the survivorship of the husband or wife, is held to be included within the legal definition of " heir." Nor is the distinction between the word " widow" and the word " heir " less marked in common parlance. No one, having children, speaks of his wife, in contemplation of her survivorship, as his " heir;" but it is believed it is universal that she is referred to as " widow," and the children as " heirs." "

There is, therefore, no reason, in our opinion, for holding that when Gauch had the words " legal heirs " inserted as the beneficiaries of the policy, he intended his wife.

Parol testimony was admitted on the hearing tending to show that Gauch intended his children by the word " heirs." The court below did not, nor do we, take this evidence into consideration, in arriving at the construction to be placed upon the language of the policy, and it is, therefore, unimportant whether its admission was proper or not.

The decree below is affirmed.

*Decree affirmed.*