[No. 3817.]

ANDERSON v. GROESBECK ET AL.

1. PRACTICE—AMENDMENT—CHANGE OF CAUSE OF ACTION.

It is improper, over the defendant's objection, to allow an amended complaint to be filed, stating an entirely new and different cause of action, even though the amendment be to correspond to the proof.

2. INSURANCE—PLEADING—ESTOPPEL.

Where the plaintiffs in their original complaint based their rights upon their appointment as beneficiaries in a certificate of insurance in which the defendant was the original and sole beneficiary, they cannot be permitted to change base and attack defendant's title upon the ground that, without any authority under its by-laws, the insurance association inserted her name in another certificate which is the source of their rights.

3. LIFE INSURANCE—CHANGE OF BENEFICIARY—VESTED RIGHTS.

The beneficiary in a certificate of life insurance may, through a contract with the insured, acquire a vested right in the certificate, beyond the power of the insured, even with the consent of the association, to divest, notwithstanding the by-laws of the association authorize the change of the beneficiary without the beneficiary's consent.

4. LIFE INSURANCE—DEATH OF BENEFICIARY BEFORE INSURED.

Where a certificate of life insurance was made payable to the beneficiary if she survived the insured, but in case of her death before the insured then to the heirs or devisees of the insured, upon the death of the beneficiary during the life of the insured she had no vested interest in the policy that could go to her heirs or personal representatives, and the insured may appoint another beneficiary.

5. LIFE INSURANCE—BENEFICIARIES—LEGAL HEIRS.

Where a policy of life insurance is payable to the legal heirs of the insured and he dies leaving a widow and children, one half is payable to the widow and the other to the children.

*Appeal from the District Court of Arapahoe County.*

Mr. W. B. HARRISON, for appellant.

Mr. JOSEPH N. BAXTER and Mr. JOHN C. FITNAM, for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

In the original complaint, naming Helen Anderson and the Covenant Mutual Life Association of Illinois as defendants, it was alleged that Thomas G. Anderson obtained a $5,000 policy of insurance on his life from the association, in which Helen Anderson, his wife, was named as the beneficiary; that afterwards the insured, being then authorized by the rules of the association to change the beneficiary without the latter's consent, upon a surrender and cancellation of the certificate, thus attempted, in fact, to make, and, in law, did make, a change in the policy whereby, instead of Helen Anderson being sole beneficiary, he made her and the plaintiffs Mollie E. Groesbeck and William W. Anderson, his children, cobeneficiaries, her to the extent of $1,000, and them $2,000 each.

It was further alleged that Helen Anderson, the original sole beneficiary, being in possession of this certificate, refused, upon request of the insured, to surrender it, and that the insured did all in his power to comply with the rules as to its surrender, but was unsuccessful in that respect because of the wrongful conduct of Helen; that she now has the certificate in her possession; that Thomas Anderson is dead, and the proofs of his death have been made, and the company is ready and willing to pay the amount of the policy to the beneficiaries entitled thereto when they are judicially determined.

The relief asked is that the certificate be reformed to make it comply with the change of beneficiaries, and that Helen be required to bring the same into court, for the proper changes to be made, and that the association pay to them the sums of money to which they are entitled under the policy as reformed.

The association filed an answer in the nature of a bill of interpleader to ascertain to which of the claimants it should pay the proceeds of the policy. In this answer it also averred

that in the year 1882 it issued a policy or certificate of life insurance to Thomas G. Anderson whereby, upon certain terms, it agreed to pay to his then wife Mary J. Anderson, the beneficiary of said policy, the sum of $5,000 if she survived him; that afterwards, in the year 1894, the insured surrendered to it the policy with the request to change the beneficiary from Mary J. Anderson, who theretofore had died, to his then wife Helen Anderson, as sole beneficiary, which request was complied with. Being ignorant of the rights of its codefendant and of the rights of plaintiffs, both of whom claimed the proceeds of the same policy, it alleges that it cannot determine without hazard to itself what disposition to make of the fund. It therefore tendered the money to the court to be disbursed in accordance with its final decree.

The defendant Helen Anderson filed her answer in which was alleged the issuance of a policy in 1882, as averred by her codefendant, her subsequent appointment as sole beneficiary therein, and that her rights, acquired by virtue of an antenuptial agreement of marriage between her and the insured, were thereby placed beyond the power of the insured, without her consent, to divest by any subsequent appointment, and such consent was not given; she denies the alleged substitution of the plaintiffs as beneficiaries therein by Thomas G. Anderson, and denies that the company, under its by-laws or charter, had a right, without her consent, to make any change in the policy affecting her interest; and alleges a gift of the policy to her.

A replication to this answer was filed denying its affirmative allegations and alleging certain other matters. The court made an order permitting the association to pay the money into court, and thereupon discharged it from any further liability to the other parties to the action.

It being conceded that the defendant, Helen Anderson, was entitled to at least $1,000 of the fund, the same was paid over to her without prejudice to her right to prosecute her claim to the rest of it.

The case was tried to the court without a jury, and find-

ings were made in favor of the defendant, and judgment entered accordingly. Afterwards plaintiffs' motion for a new trial was granted, and a second trial had upon the same issues and precisely the same evidence that was produced at the first, and at its termination the court took the case under advisement. A short time thereafter the court announced that judgment would again go for the defendant Helen Anderson, unless the plaintiffs elected to amend their complaint.

Acting upon this suggestion, the plaintiffs filed an amended and supplemental complaint in which, *inter alia*, they alleged that the defendant association in the year 1882 issued a certificate of insurance on the life of Thomas G. Anderson in the sum of $5,000, in which Mary J. Anderson, who then was the wife of the insured, was designated as the sole beneficiary; and that, by its terms, if Mary J. Anderson should predecease the insured, the proceeds of the policy were to be paid to his "legal heirs or devisees;" that Mary J. Anderson, the original beneficiary, died prior to the death of Thomas G., and the plaintiffs above named being the sole heirs of Thomas G. Anderson, at once upon their mother's death became the sole beneficiaries of the policy, and upon their father's death were entitled to its proceeds.

There is a further allegation that Thomas G. Anderson in 1894 ineffectually attempted to make the defendant Helen Anderson, his then wife, the beneficiary in said certificate, but that this change was null and void, and of no effect, because not had with the consent of these parties, who then, as the legal heirs of the insured, were the sole beneficiaries, and vested with an interest therein; that on the 30th of June, 1896, the insured, Thomas G. Anderson, did effect a change of the beneficiaries by his instrument of writing, as was alleged in the original complaint. The death of Thomas G. Anderson is alleged, and the proofs of the death were duly furnished to the association; and that only by reason of the consent of these plaintiffs, who alone were the beneficiaries in the original policy, is Helen Anderson entitled to any part of the fund in question, and of that only in the sum of $1,000;

that although the certificate is in the physical possession of Helen, it is wholly null and void because of the fact that these plaintiffs, being the sole heirs at law of Thomas, and, as such, beneficiaries under the original certificate, never consented to the substitution of Helen Anderson as beneficiary therein, and that such a change, even if in accordance with the rules and by-laws of the association, could not operate to divest their interest which vested at once upon the death of their mother, the original beneficiary. There is also an allegation of the payment of the proceeds of the policy into the registry of the court by the association.

The relief sought is that the certificate in which the name of Helen Anderson was substituted for the name of Mary J. Anderson be declared null and void and of no force against plaintiffs; and the court is asked to declare that this certificate gives to Helen no rights whatever to any part of the fund; that the certificate as originally issued be declared to be the only certificate having any force or validity; that the instrument of writing of June, 1896, whereby Thomas G. Anderson, with the consent of the plaintiffs, effected a change of the beneficiaries be declared to be valid, and that the $4,000 of the fund remaining in the registry of the court be paid to them.

The defendant Helen Anderson moved to strike the amended and supplemental complaint from the files upon numerous grounds, one of which was that it contained an entirely new and distinct cause of action from that set up in the original complaint; and that the plaintiffs were, and ought to be, estopped to change the theory of the case upon which the two preceding trials were had, which change would be affected if they were now allowed to proceed upon grounds repugnant to, and wholly inconsistent with, their previous position. This motion was denied, and defendant Helen Anderson filed an answer to the amended complaint in which, after admitting the issuance of the policy in 1882 and the substitution of her own name as beneficiary in 1894, she alleges that, both at the time of issuing the original certificate

and when she was substituted as beneficiary, the laws of the state of Illinois and the charter and by-laws of the association permitted a change of beneficiary without the latter's consent. She further alleges that she acquired a vested interest and property right in the certificate in question, and the proceeds of the policy by virtue of an antenuptial contract of marriage entered into with the insured, and that she paid a large part of the assessments during the time that she held the certificates. She alleges that it was beyond the power of the insured to divest this interest by any attempted or alleged change of beneficiaries; and if, as a matter of fact, he did execute the alleged instrument of writing by which such alleged change in the beneficiaries was attempted, it was as the result of fraud and chicanery practiced upon him by these plaintiffs; and, further, if any such writing was executed, it was made upon the express condition and understanding by the insured that it was to take effect only upon her written consent, which never was given.

Plaintiff moved to strike this answer from the files upon the ground that it was not in accordance with good practice to answer an amended complaint when the latter was filed in order to make it correspond to the proofs. The court denied this motion, and at once, without hearing evidence, rendered judgment in favor of the plaintiffs, awarding to them the $4,000 remaining in the registry of the court. This appeal by Helen Anderson is prosecuted to review this judgment.

1. The preceding summary of the pleadings does not embrace all of their allegations, but for the purposes of this opinion enough has been stated to indicate the claims of the parties at different stages in the progress of the cause.

It will be observed that in the original complaint the subject of the action was an insurance policy or certificate on the life of Thomas G. Anderson in which Helen Anderson was designated as sole beneficiary. The cause of action, as against the defendant Helen Anderson, was the wrongful refusal by her to deliver to the association for cancellation the certificate,

which had been properly assigned to the plaintiffs, in order that they might obtain a new certificate in which their names should appear as beneficiaries in accordance with the substitution which the insured made. The object of the action, as against the defendant Helen, was a reformation of the certificate to make it comply with the change of beneficiaries.

In the amended complaint the subject of the action was an entirely different certificate of insurance on the life of the same insured, but in which the beneficiary was Mary J. Anderson. The cause of action, as against Helen, was that she procured, or wrongfully held, as against the plaintiffs, the policy in question in which her name was improperly substituted as the sole beneficiary in place of Mary J. Anderson, the original beneficiary, and the object of the action was to obtain a decree adjudging her alleged rights to this certificate to be of no force and effect as against the plaintiffs, and the further order adjudging the original certificate to be the only valid one, which would give to the plaintiffs the entire fund in question, were it not for the fact that they consented to a change therein whereby Helen was to receive of the proceeds of the fund the sum of $1,000, by which voluntary consent plaintiffs acknowledged themselves bound.

The mere statement shows that in the amended complaint the cause of action was different from that declared upon in the original, and that, against the objection of defendant, it was wrong for the court to permit the amendment to be made. It is true that the court may permit a complaint to be amended to correspond to the proofs, and while in the record there is nothing to show that this was the ground upon which the court permitted the amendment to be made, yet if we assume such to be the case, it does not necessarily follow that the court acted within its discretion.

It is improper, over the defendant's objection, to allow an amended complaint to be filed, even though made to correspond to the proofs, when the amended pleading states an entirely new and different cause of action, as it does in this case. For this reason alone, the judgment must be reversed.

But in the event of a new trial it is necessary that we should announce the rules of law by which the rights of these parties are to be governed.

2. The plaintiffs in their original complaint having based their rights upon their appointment as beneficiaries in a certificate of insurance in which Helen Anderson was the original and sole beneficiary, cannot be permitted to change base and attack her title upon the ground that, without any authority under its by-laws, the association inserted her name in another certificate, which is the source of their rights; or that such substitution of her name was without their consent and to their prejudice.    In other words, they are estopped by their first pleading to allege in the same action that Helen Anderson was not the beneficiary in a certificate of insurance when the only claim they have to its proceeds rests upon what they call an assignment of the very certificate to them, which they now seek to repudiate, but of which they heretofore claimed an assignment.    This proposition is too plain for the citation of authorities in support of it.

This disposes of the controversy between the parties as to the right of the insured to substitute the name of his second, in the place of the name of his first, wife; and if another trial of this action is had, this change of beneficiary from Mary J. to Helen must be treated as valid, and the latter is entitled to the proceeds of the fund in the registry of the court unless the insured, Thomas G. Anderson, as against his wife Helen, had the right, by appointment, to substitute, and, as a matter of fact, did, in legal effect, substitute the plaintiffs as beneficiaries.

In this connection it is proper to observe that where, under the by-laws of an association, a beneficiary may be changed without his consent, this does not prevent the beneficiary, through a contract with the insured, from acquiring a vested property right or interest in the certificate which it is beyond the power of the insured, even with the consent of the association, to divest.    1 Beach on Life Insurance, § 178; *Smith v. Nat. Ben. Society*, 123 N. Y. 85.    And if such a right was

acquired by Helen, as she alleges, the instrument of writing, if executed, could not divest it.

3. In the original complaint it was alleged that, under the by-laws of the association then in force giving him such right, Thomas G. Anderson in June, 1896, by his certain instrument of writing, so changed the certificate as to vest in plaintiffs a right to $4,000 of its proceeds in case of the death of the insured.

The defendant answered that, if such a writing was executed, it was not intended to be operative without her consent; that whatever instrument was signed by Thomas was procured by fraud; that it was entirely beyond his power to divest her interest in the policy which became fixed and vested by virtue of an antenuptial contract of marriage entered into between her and him; and that, in pursuance of this contract, he delivered to her the certificate in question, most of the premiums upon which she herself thereafter paid.

Though two trials were had under the original complaint, and at the first trial the findings were in favor of the defendant, and at the second the intimation of the court was that the same ruling would be made if the plaintiffs did not amend their complaint, we are not specifically advised by anything in the record upon what grounds such rulings were based. But since the trial court rendered a decree in favor of the plaintiffs after they filed their amended complaint, and upon the same evidence that was already before it on the first trial, the conclusion seems irresistible that the court deemed the evidence produced insufficient to sustain the allegations of fact found in the original complaint, and based its decree upon some new element introduced for the first time in the amended complaint which, in law, was supposed to justify it. Otherwise the court should, and probably would, have entered judgment for the plaintiffs at the first trial. The mixed findings of law and fact included in the decree give color to this conclusion, and an examination of the amended pleadings fortifies it. The amended answer contains an averment that when the substitution of Helen was made, the by-laws of the

association authorized it under the then existing facts, and there is a further allegation that the rights which Helen then got were the result of the contract and became fixed and vested; and it is further averred that the alleged substitution of the plaintiffs was wholly conditional upon obtaining her consent, which was not given, and that such substitution was procured by fraud. These allegations were not denied. Besides this, the evidence produced on the first trial was under issues wholly dissimilar to the issues raised by the amended pleadings, and is necessarily of such a character that it would not be responsive to the latter. In consideration, therefore, of the foregoing, it would seem, as we have said, entirely clear that the trial court gave judgment on the amended pleadings, proceeding on the theory, and resting its decree upon the propositions, that the plaintiffs were entitled to recover either because they, as children and heirs at law of their mother, acquired upon her death the same interest which she, as the original beneficiary, had in the policy; or, as sole heirs at law of their father, they became, by the terms of the certificate itself, at once upon their mother's death before that of their father, the sole beneficiaries; and in either case that they thus acquired a vested interest in the policy which was beyond the power of the insured to take away by his attempted substitution of Helen in lieu of Mary J.; and that the plaintiffs' rights were not, in any sense, dependent upon their alleged substitution in place of Helen by the act of the insured of June, 1896; but that, because, and only because, they voluntarily consented to a change in the policy whereby they gave up to Helen a portion of their rights, she thereby became entitled to $1,000 of the proceeds.

But if we should assume that the amended complaint is not a departure from the original, and that the court properly allowed the plaintiffs to file it, the decree of the court thereunder based, as it was, upon an erroneous conception of the law, should not be allowed to stand. By the terms of the original certificate itself, Mary J.'s interest as beneficiary was contingent upon the death of the insured before her death;

as she died before he did, her contingent interest, whatever it was, never became perfected; and at her death, the insured being alive, she had no property right in the policy that could go to her personal representatives,—much less to her heirs. But whatever may have been her rights during her lifetime, upon her death before that of the insured, the latter, as against "his legal heirs" to whom, in case of her death before his, the loss was made payable, may appoint another beneficiary. The rights of an heir do not attach, and cannot become vested, until the ancestor's death; so that, during the lifetime of the latter he may, as against their wholly inchoate rights, change the beneficiary without their consent. *Johnson v. Van Epps*, 14 Ill. App. 201, 210; s. c. 110 Ill. 551, 562; *Comyne et al. v. Jones*, 51 Ill. App. 17, 23; *Martin v. Stubbings*, 126 Ill. 405.

The court was wrong in its conclusion of law that the plaintiffs were the sole heirs at law of Thomas G. Anderson, deceased. The appellees here, as below, made that claim, and in its support cite *Gauch v. St. Louis M. L. Ins. Co.*, 88 Ill. 251, *Benefit Assn. v. Sears*, 114 Ill. 102, and *Mut. Ben. Assn. v. Rolfe*, 79 Mich. 146. There is nothing in the latter case to warrant any such conclusion. In the *Gauch* case *supra*, it was held that where a policy of life insurance was made payable to the " legal heirs " of a person whose life is insured, when he leaves children at his death it is payable to them, and in such a case the widow is not included in the words " legal heirs." But an examination of the facts of that case shows that the reason the widow was not so included was that, under the law of Illinois, where there are children, the widow, upon the death of her husband, could not be one of his heirs; for, in case of the husband dying intestate, and leaving a child or children, or the descendants of a child or children, surviving, the property is, by the statute, cast upon them and not the widow, subject only to her claim of dower and of one third of the personal property. The very tests applied in that case would, under the law of this state, make the widow an heir, for it is said: " And hence it is the actual

capacity of inheritance, at the time of the death of the owner of the property, and not the fact that a particular person might have inherited from him under a state of facts which did not exist, that determines who is heir;" and, further: "The word 'heir' has a technical signification, and we must presume that, in the policy, the term 'legal heirs' was used in its strict and primary sense, there being nothing in the context to show that it was used in any other sense. * * * The word 'heir,' when uncontrolled by the context, designates the person appointed by law to succeed to the real estate in question in case of intestacy."

There is nothing in the *Sears* case that bears directly upon the question. Applying, therefore, the rule which the decision in the *Gauch* case furnishes, it is clear that under our statute of Descents and Distributions (1 Mills' Ann. Stats. sec. 1524; Gen. Stats. 1883, sec. 1039), expressly so providing, the widow or surviving wife of a husband dying intestate is an heir to one half of his real estate if there be a child or children living, and is also entitled to one half of the personalty; but if there are no children or descendants of any child, she becomes the sole heir at law. It therefore follows, even if it were proper to permit the amended complaint to be filed, and if trial was had and decision rendered thereunder, the judgment of the court was wrong, for the defendant, Helen Anderson, was an heir at law of Thomas G. Anderson, deceased, and was entitled to one half of all the property, real and personal, belonging to her deceased husband. Further, if a change of beneficiaries could be made only with their consent, and if the legal heirs of Thomas were the beneficiaries, then all the beneficiaries did not consent to the change of June, 1896, for Helen, one of the heirs, expressly refused.

The case should be reversed and remanded for a new trial, and if further proceedings be had in this action, they must be in accordance with the views herein expressed. That there may be no misunderstanding we say that, in case of another trial of this action, it should be had upon the origi-

nal complaint, and the defendant may have leave, if so advised, to file an amended answer thereto, as she attempted to do, but was prevented from doing so by the district court upon the first trial.

*Reversed.*