[No. 4842.]

SMITH ET AL. v. COWELL ET AL.

1.  **Judgments—Conclusiveness—Matters Concluded.**

A final judgment or decree of a court of competent jurisdiction upon the merits, either upon an issue of law or of fact, concludes the parties and their privies unless and until in an appropriate proceeding the same is set aside, and they may not again be litigated in any future action or suit between them in the same court, or in any other court of competent jurisdiction, upon the same cause of action, not only as to all such things as were within the issues and, in fact, determined, but as to all other matters which the parties might have litigated under the issues as incident to, or necessarily connected with, the subject matter of the litigation, whether the same, as a matter of fact, were litigated and determined or not.—P. 183.

2.  Same—Actions at Law—Suits in Equity.

A judgment on the merits in an action at law is conclusive upon the parties, as to all issues tried and decided, in any future suit in equity, except as to matters, if any, within the exclusive jurisdiction of equity, and hence not cognizable at law; and the converse, that such determination in a court of equity is conclusive upon the parties in a subsequent action at law, is also true.—P. 184.

3.  Same—Judgment of Dismissal.

A judgment of nonsuit or voluntary dismissal, or dismissal on some technical ground, is no bar to a second suit on the same cause of action, except as to the particular ground on which the order of dismissal was based.—P. 184.

4.  Same—Dismissal for Failure to State a Cause of Action.

A judgment rendered in dismissing an action following an order sustaining a demurrer may, or may not, be a bar; if it was for lack of jurisdiction, or that plaintiff mistook his remedy, or for some mere technical defect, it is not a bar; if it goes to the merits of the action, as where it is upon the ground that the facts stated are not sufficient to constitute a cause of action, it is as conclusive as a judgment entered on a verdict finding the facts.—P. 184.

5.  Same—Presumption.

In an action for equitable relief, where a general demurrer was interposed to the complaint on the ground that plaintiff was not entitled to the relief prayed for, and the judgment of the court recited that the demurrer was sustained and the bill of complaint dismissed, it will be conclusively presumed that the ruling was based on the merits that no relief in equity could be given, and not that plaintiff had mistaken his remedy.—P. 187.

6.  Same—Dismissal Without Prejudice—Words and Phrases.

A decree of dismissal, without prejudice to any "action at law," rendered by a federal court on sustaining a demurrer to the complaint in equity on the ground that plaintiff was not entitled to the relief prayed for, is a bar to a subsequent action in a state court setting up the same equitable grounds; and this is true notwithstanding that the Colo. civil code abolishes the different forms of action, since it does not abolish the distinction between legal and equitable causes of action, or between legal and equitable relief; but such decree, however, expressly reserves the right to bring an action at law.—P. 187.

7.  Same—Res Judicata—Estoppel to Plead.

In an action to quiet title, plaintiff filed an amended complaint setting up an action at law under the code for possession,

and the defendants moved to strike such amended complaint on the ground that it set up a different cause of action, and the motion was sustained. Held, that defendants were not thereafter estopped from setting up a plea of res judicata, based on a decree in a prior suit to quiet title.—P. 190.

8.   Practice in Civil Actions—Judgment in Federal Court—Effect in State Court.

The decree of a federal court in an action between the same parties asking for the same relief, and of which such court has jurisdiction, is binding upon the state courts, whether right or wrong, so long as it is not set aside in an appropriate proceeding.—P. 191.

*Error to the District Court of the City and County of Denver.*

*Hon. P. L. Palmer, Judge.*

Action by Harrison Cowell, Dennis Murto, as administrator of the estate of James F. Cowell, deceased, Adaline C. Sadd, Mabel Cowell, and Frederick Cowell, infant, by Adaline C. Sadd, his next friend, against Frank Guest Smith, Thomas Tunis Smith, Thomas Guilford Smith, The Academy of Natural Sciences of Philadelphia, Lila Smith, the unknown heirs of Charles E. Smith, deceased, and W. Moylan Lansdale, as executor and trustee under the will of Charles E. Smith, deceased. From a judgment for plaintiffs, defendants bring error.

*Reversed.*

Mr. W. C. KINGSLEY, for plaintiffs in error.

Mr. E. T. WELLS and Mr. JOHN H. CHILES, for defendants in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This action was begun in 1900 in the district court of Arapahoe county by the heirs and devisees of William Cowell, deceased, to quiet title to, and remove an alleged cloud from, a fractional interest

in certain lots in the city of Denver of which they claim ownership as devisees under his will. The cause of action pleaded is purely equitable and equitable relief only is prayed. The defendants, heirs, personal representatives and devisees of Charles E. Smith, deceased, all of whom are non-residents of Colorado, set up several separate defenses in their answer, only one of which is discussed in this opinion as we think it defeats a recovery in the present action.

This defense is a plea of *res judicata* in bar of the action. It alleges in substance that the defendants here claim title to the property in dispute through Charles E. Smith, deceased. That heretofore, and in the year 1895, these plaintiffs instituted in the same district court of Arapahoe county an action against Smith in his lifetime on the same equitable cause of action as the one set up in the complaint in this action. That the former action was duly removed by the defendants there to the United States circuit court for the district of Colorado, and therein was filed by defendants a general demurrer to the complaint on the ground that plaintiffs were not entitled to the discovery or relief against the defendant prayed for. After argument on such demurrer, it was taken under advisement, and upon consideration by the court, such demurrer was, in January, 1896, sustained. No request to amend was made, no order granting leave to amend or plead over was entered, and no amendment to the complaint was tendered or filed. Thereafter the federal court entered a decree and judgment of dismissal in the cause, which, omitting the title, reads:

"This cause coming on to be heard at this term upon the bill of complaint herein and the demurrer thereto of the defendant Charles E. Smith, and which was argued by counsel, and, thereupon, upon con-

sideration thereof it was ordered, adjudged and decreed that the said demurrer of the defendant Charles E. Smith to the said bill of complaint be sustained, and that the said bill of complaint be and the same hereby is dismissed as to said defendant Smith and with costs to the said Charles E. Smith to be taxed. Said dismissal being without prejudice to any action at law.''

The defendants further allege that the decree and judgment remain in full force and effect, and from it no appeal was ever taken, and it has never been set aside, vacated or held for naught, and that the proceedings in the United States court were proceedings on the merits of the cause, which they (defendants here) plead in bar of the present action.

In the replication herein the plaintiffs admit the institution of the former action, the filing of the demurrer, the order sustaining the same, and the decree of the federal court dismissing the action, as stated in defendants' answer, but deny that such proceedings were upon the merits, and then proceed to allege, apparently as an estoppel, that in the pending action they (the plaintiffs) filed an amended complaint asking for legal relief, which amended complaint was, on defendants' motion, stricken from the files by the court.

It clearly appears by comparison of the complaint in this, with the complaint in the former, action, as well as by agreement of counsel, that the two pleadings set forth exactly the same equitable cause of action, ask the same relief, and are substantially in the same language. The plaintiffs are the same in both actions and sue in the same capacity. The defendants here are privies in estate to Charles E. Smith, deceased, who was sole defendant in the former action, and they defend as such. The issues in the two complaints are identical, and the only

particular in which, either by pleading or argument, plaintiffs claim the defense is lacking as a complete bar to the present action is that the proceedings in the former suit, namely the order sustaining the general demurrer, and the final decree dismissing the bill of complaint with costs against plaintiffs "without prejudice to any action at law," were not upon the merits in the sense that they are a bar to a further, and this, action on the same issue seeking the same equitable relief between the same parties and their privies in estate.

The further matters which, by pleading and argument, plaintiffs urge by way of estoppel have no connection with the subject of the plea of *res judicata,* and they will be separately considered.

From the foregoing statement it is obvious that there are no questions of fact in dispute. The sole question is one of law arising out of undisputed facts. Nevertheless, many of the authorities cited by plaintiffs are applicable only on the supposition that the facts are quite different from what the record shows them to be.

Opposing counsel seem to be in accord on the general proposition, which is sustained by the annexed authorities, that unless and until in an appropriate proceeding the same is set aside, a final judgment or decree of a court of competent jurisdiction upon the merits, either upon an issue of law or of fact, concludes the parties and their privies, and they may not be again litigated in any future action or suit between them in the same court, or in any other court of competent jurisdiction, upon the same cause of action, not only as to all such things as were within the issues and, in fact, determined, but as to all other matters which the parties might have litigated under the issues as incident to, or necessarily connected with, the subject-matter of the litigation, whether the

same, as a matter of fact, were litigated and determined or not.—*D. C. I. & W. Co. v. Middaugh,* 12 Colo. 434.

The qualified rule where the causes of action are different need not be stated, for that kind of case is not before us.—*Grand Valley Irr. Co. v. Fruita Imp. Co.,* 37 Colo. 483.

It makes no difference, so far as concerns the question of conclusiveness, that the previous judgment so pleaded was rendered in an action or proceeding different in form from that in which the estoppel is pleaded, and so it has been held that a judgment on the merits in an action at law is conclusive upon the parties, as to all issues tried and decided, in any future suit in equity, except as to matters, if any, within the exclusive jurisdiction of equity, and hence not cognizable at law. The converse of this is likewise true, that such determination in a court of equity is conclusive upon the parties in a subsequent action at law.

A judgment of nonsuit or voluntary dismissal, or dismissal on some technical ground, is no bar to a second suit on the same cause of action, except as to the particular ground on which the order of dismissal was based. A judgment rendered in dismissing an action following an order sustaining a demurrer may, or may not, be a bar. If it was for lack of jurisdiction, or that plaintiff mistook his remedy, or for some mere technical defect, it is not a bar. If the demurrer goes to the merits of the action, as where it is upon the ground that the facts stated are not sufficient to constitute a cause of action, it is as conclusive as a judgment entered on a verdict finding the facts.

Had not the United States circuit court inserted in the decree the qualifying words "without prejudice to any action at law," there is no question that,

tested by the foregoing rules, which. are upheld by the supreme court of the United States and our own court, the dismissal of the bill would preclude the plaintiffs from bringing either this equitable suit, or an action at law, against the defendants and their privies on the same cause of action. That would be the necessary effect of the decree of dismissal because it followed an order sustaining a general demurrer going to the merits. Other cases supporting the foregoing statements of the law are cited in 23 Cyc. 1167, 1215 *et seq.*, 1116, 1221, 1222, 1153, 1232; 24 Am. & Eng. Enc. Law (2d ed.) 710, 784, 721.

In *Aurora City v. West,* 7 Wall. 82, 100, Clifford, J., in referring to effect of a judgment rendered on trial of an issue of law, said that on demurrer to any of the pleadings which are in bar of the action, the judgment for either party is the same as it would have been on an issue of fact joined upon the same pleading and found in favor of the same party.

In *Gould v. Evansville, etc., R. R. Co.,* 91 U. S. 526, the court, at page 534, in summarizing the doctrine said: "That if judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant, or his privies, any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration; for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the right must put an end to the dispute, else the litigation would be endless." This language was quoted with approval, and the doctrine of that case followed, by this court in *Schroers v. Fisk,* 10 Colo. 599, which case, alone, is decisive of the one in hand as to the defense we are considering.

In *Alley v. Nott,* 111 U. S. 472, Chief Justice Waite, upon the same question, said: ''A demurrer to a complaint, because it does not state facts sufficient to constitute a cause of action, is equivalent to a general demurrer to a declaration at common law, and raises an issue which, when tried, will finally dispose of the case as stated in the complaint, on its merits, unless leave to amend or plead over is granted. The trial of such an issue is the trial of the cause as a cause, and not the settlement of a mere matter of form in proceeding. There can be no other trial except at the discretion of the court, and if final judgment is entered on the demurrer, it will be a final determination of the rights of the parties which can be pleaded in bar to any other suit for the same cause of action.''

See, also, Wells on *Res Judicata,* § 446; Herman on Estoppel and *Res Judicata,* §§ 271, 283 and 284.

The law, then, being that without these qualifying words in the former decree, the plea of *res judicata* would be a bar both to a subsequent suit in equity and an action at law on the same grounds between the same parties, the remaining inquiry is, what is their effect as to the pending action? Whether, had the dismissal not been without prejudice to a subsequent action at law, the plaintiffs could, nevertheless, bring such an action, or invoke legal relief, upon the same grounds is not necessarily involved here, although that they could do so has been ruled by some cases hereinafter cited. The qualifying clause, however, is present in this decree, and its effect is to give permission to the plaintiffs to bring an action at law whatever might be true were it absent. ''An action at law,'' in the sense it was used in the decree, means an action stating a legal cause of action and asking only legal relief, as contradistinguished from a suit in equity asking equit-

able relief.  It is conceded that such an action at law
has not been begun.  Hence, the question for deci-
sion here is:  May the plaintiffs bring and maintain
the present action, which confessedly sets up an
equitable cause of action precisely the same as the
one which was set up in the former action that was
dismissed?  The answer that they may not seems
almost too plain for argument.  But learned counsel
for plaintiffs with much emphasis insist that they
may.   The utmost that plaintiffs may claim as to the
former proceedings is that the court dismissed the
bill because the plaintiffs mistook their remedy—that
is, that they were not entitled to equitable relief, but
that they might, if they saw fit, by future action at
law invoke legal relief unembarrassed by the former
decree of dismissal.  We do not say that the de-
murrer was sustained on the ground of mistaken
remedy.  The record of that case does not say so.
It may be, and such is the conclusive presumption of
law unless the record otherwise exhibits, that the
ruling was based on the merits, that no relief in
equity could be given.  If, however, plaintiffs' con-
struction is right, then certainly the effect of the
decree is also to prohibit the plaintiffs from main-
taining another suit in equity upon the same cause
of action because that right, not being then reserved,
is forever lost.  The decree expressly reserved to
the plaintiffs the right to bring an action at law, but
it did not permit them to bring a subsequent suit in
equity.

Counsel for plaintiffs apparently perceive that,
had the present suit been brought in the federal court
in the first instance, or removed there, the former
decree could be successfully pleaded in bar; but rely-
ing on our code of procedure, which says that there
shall be but one form of civil action, and upon several
decisions of this court and our court of appeals that

the same court may administer both legal and equitable relief in the same action and will not send the plaintiff out of court if the facts he sets up in his complaint entitle him to any relief at all, merely because he mistakes his remedy or asks for the wrong relief, they contend that, notwithstanding the federal court has decided that the bill in the former suit did not entitle plaintiffs to equitable relief, still they may bring and maintain in the state court this equitable action on the same equitable ground.

This is an unsound position. Our code does away with different forms of action, but it does not purport to abolish the distinction between legal and equitable causes of action, or between legal and equitable relief. The question here is not one of pleading under the code, but is to be resolved by the general principles of law applicable to *res judicata* and to the inherent distinctions between equitable and legal causes of action and equitable and legal relief which are just as marked in the so-called code states as at the common law. The federal court had jurisdiction of the cause before it. To its decree we must give full faith and credit. It is as binding upon this, as upon any other, court. The plaintiffs can no more invoke again the equitable jurisdiction of, and demand equitable relief in, a state court than they can in the United States court.

In *Barnett v. Smart,* 158 Mo. 167, the court said that though the dismissal of a petition in equity for the reason that the cause was not cognizable in a court of equity might not preclude the bringing of a subsequent action at law in which the legal rights of the parties might be determined, such a decree did operate as *res judicata* that it was not a cause for equitable relief. This case is cited with approval by Mr. Black at section 518 of his work on Judgments as announcing the doctrine that such a dis-

missal is a bar to the bringing of another action in equity. In Missouri, as in Colorado, the reformed code of procedure is in force, and in the opinion cited from that state, the court referred to *Fulton v. Hanlow,* 20 Cal. 450, another code state, wherein in a similar case Field, C. J., said that when a court in an equitable action reaches the conclusion that the cause is not one of equity cognizance and dismisses it, such a dismissal establishes the fact that the matters alleged are not sufficient for the exercise of the jurisdiction of a court of equity, but leaves the parties free to litigate in a court of law.

In *Cramer v. Moore,* 36 Ohio St. 347, it was ruled that under the Ohio code the effect of the dismissal of a case asking equitable relief is to declare that the plaintiff had no equitable right to maintain the action, and that such a decree of dismissal was a bar to the bringing of another equitable action by the plaintiff, though he might proceed at law.

In 23 Cyc. 1145, the authorities are collated, and the general rule stated that where a decree expressly reserves or excepts from its operation a specified right or claim, or the right to take certain proceedings in respect to certain matters, it constitutes no bar to a subsequent action on the matter excepted, but precludes the parties from again litigating the matters not within the reservation.—Black on Judgments, §§ 518, 715, 730.

Our conclusion is that the decree of dismissal by the United States court in the former suit operates as a bar to another action in the state court on the same equitable cause of action, between the same parties and their privies.

Another contention of plaintiffs is that by their conduct at the trial below defendants are now estopped to say that plaintiffs may not maintain this

equitable action. It seems that on the application of defendants this action was removed to the United States circuit court, but, apparently because of some defect in the petition of removal, the cause was remanded to our district court. After it reached there plaintiffs filed an amended, which was unlike the original, complaint except in its title. The entire body of the original pleading was eliminated, and under the original title there followed what, at common law, would be an action in ejectment and under our code an action for the recovery of possession of real estate. Defendants filed a motion to strike the amended complaint upon the ground, *inter alia,* that it sets forth another and different cause of action from the one declared upon in the original complaint. The court sustained the motion and struck the amended pleading from the files. Plaintiffs now say that in filing this motion defendants took the position that a suit in equity was plaintiffs' appropriate remedy, and having obtained a favorable decision from the trial court upon the point, they should not be allowed upon this review to take an inconsistent position and say that their remedy is an action at law.

This is not a fair statement of what occurred at the trial below, or on this review, and the argument in support thereof is devoid of merit. Defendants did not in their motion assert that an action at law was not plaintiffs' remedy, or that a suit in equity was, but they said that under our code plaintiffs could not amend their complaint by setting up a new or different cause of action. In making this motion the defendants did not concede that plaintiffs could maintain either kind of an action, or that they might invoke either sort of relief. They set up as a ground of their motion one which this court in *Anderson v. Groesbeck,* 26 Colo. 3, and in other cases, said was

meritorious, and the trial court in obedience to that decision disallowed the proposed amendment.

This leads us further to say that counsel for plaintiffs cite *Cowell v. The South Denver R. E. Co.,* 16 Colo. App. 108, as authority upon this and other branches of the case at bar. The parties to that suit are not the same as the parties here, but the object of each suit was similar, and in each the construction of the same will is sought. Plaintiffs say that the court of appeals has there decided that under a state of facts similar to those contained in the complaint herein, an equitable suit, and not ejectment, is the proper remedy to ascertain the rights of the parties; hence they say we should follow that and reject the decision of the United States circuit court which, in an exactly similar case, held to the contrary that a suit in equity would not lie.

Manifestly, this contention is not good. The question here is not which of these conflicting decisions is correct. The decree of the federal court being within its jurisdiction to make is, as we have already said, binding upon the parties and upon our district court, a court of concurrent jurisdiction, and upon this court, whether it was right or wrong, so long as it is not set aside in an appropriate proceeding. We have no power in this suit, which is between the same parties and their privies, to review that decision for the purpose of setting it aside or annulling it.

From the foregoing it follows that the judgment must be reversed and the cause remanded, and if further proceedings be had that they be in conformity with the views herein expressed.     *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.