# CASES

# FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1908.

Royal League v. Alvina Kasey, Appellant, Annie J. Straw and Cynthia A. Kasey, Appellees.

## Gen. No. 13,986.

FRATERNAL BENEFIT SOCIETY—*who entitled to proceeds of certificate.*
Assuming that if a member of a fraternal benefit society dies leaving a certificate payable to a beneficiary designated as wife such person is not entitled to the proceeds of such certificate if before the death of such member she has become divorced from him and has ceased to be a "dependent;" nevertheless, the wife of such member who has become such since his divorce, is not entitled to the proceeds of such certificate without having been made a beneficiary thereof, but where the by-laws of the society contain a provision as follows: "If at the time" (of the member's death) "the dependency has ceased, then such benefit shall be paid to the heirs of the member," the proceeds of the certificate will pass according to such by-law.

Bill of interpleader. Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed October 8, 1908.

**Statement by the Court.** The decree from which this appeal was taken finds the facts and applies the law to them in its ordering clauses and in certain conclusions of law. There is no dispute concerning the facts in the cause, which was tried on a stipulated statement. Therefore an abstract of the decree will substantially serve the purpose of a complete state-

(1)

ment of the pleadings and the certificate of evidence, as well as of the action of the court.

The findings of fact in the decree are these:

That the Royal League, complainant, is a fraternal benefit society, organized and doing business under and by virtue of the laws of the State of Illinois, and that on April 5, 1890, it issued its benefit certificate to one Frank J. Kasey, a member of said order, and agreed thereby to pay out of its Widows' and Orphans' Benefit Fund to "Annie J. Kasey, wife," a sum not exceeding four thousand dollars, in accordance with the laws governing said fund, upon the death of said member; that prior to said Frank J. Kasey becoming a member of said Royal League there was born of the marriage of said Frank J. Kasey and the defendant, Annie J. Straw, then Annie J. Kasey, during July, 1887, a daughter, the defendant, Cynthia A. Kasey, who is now living, and who was the only child of said Frank J. Kasey living at the time of his death.

That on or about July 19, 1902, the said Annie J. Kasey was divorced from said Frank J. Kasey.

That on January 21, 1906, the said Frank J. Kasey married the defendant, Alvina Kasey, who lived thereafter with him as his wife until his death.

That upon the death of said Frank J. Kasey the said defendants, Annie J. Kasey (now Annie J. Straw), the beneficiary named in said benefit certificate, Cynthia A. Kasey, daughter and the heir at law of said Frank J. Kasey, deceased, and Alvina Kasey, the widow of said Frank J. Kasey, deceased, respectively, made claim upon said Royal League for the amount of money owing under said benefit certificate; and, thereupon, the said Royal League filed its bill of interpleader herein, making said claimants parties defendant thereto, and each of said parties appeared and answered said bill and laid claim to the amount of money secured by said benefit certificate; that on June 20, 1907, a decree was duly entered by the court, in

favor of the complainant in said bill of interpleader, and directing it to pay to the clerk of the Circuit Court the sum of $4,000, admitted to be owing by it under said benefit certificate, and that said sum was thereupon deposited with the clerk of said court; that upon said deposit being made, an order was duly entered, by consent of all said parties, directing the clerk of said court to pay to the complainant, Royal League, the sum of $15.85, being the amount expended by said complainant for court costs in filing its said bill of interpleader and for the service of summons upon said defendants.

That at the date, April 5, 1900, on which the Royal League issued its benefit certificate to Frank J. Kasey, in which the defendant, Annie J. Straw, then Annie J. Kasey, was named as beneficiary, she was the lawful wife of said Frank J. Kasey, and that there was born of said marriage during the month of July, 1887, a daughter, the defendant, Cynthia A. Kasey, who is the only heir at law of said Frank J. Kasey, deceased. That on July 19, 1902, the defendant, Annie J. Straw, formerly Annie J. Kasey, and prior to that time wife of said Frank J. Kasey, was divorced from said Frank J. Kasey, upon her bill of complaint, and solely on account of the fault of said Frank J. Kasey; and that since the death of said Frank J. Kasey and the bringing of this suit the said defendant, Annie J. Straw, has assigned all her interest in said benefit certificate and fund to the defendant, Cynthia A. Kasey.

That the said Frank J. Kasey was lawfully married to the defendant Alvina Kasey on January 21, 1906, and thereafter they lived together as husband and wife until the death of said Frank J. Kasey on December 5, 1906; and that his widow, Alvina Kasey, his daughter, Cynthia A. Kasey, and his divorced wife, Annie J. Straw, survive him.

That at no time has there been a by-law or rule in force in said Royal League relating to the payment of the benefit in the event of the beneficiary named in the

benefit certificate becoming divorced from the insured member. That the by-laws of said Royal League, during the entire period of the membership of said Frank J. Kasey, did provide that a benefit certificate might be made payable to a member's wife, children, father, mother, brother, sister, affianced wife, uncle, aunt, niece, nephew or grandchildren, in which class of beneficiaries no proof of dependence should be required. That a member might, at any time, surrender, in writing, his benefit certificate, and have a new one issued, payable to a different beneficiary of the eligible classes, upon the payment of a certificate fee of fifty cents; and that in the event of the death of the designated beneficiary before the death of the member, and no other beneficiary being named by the member, the benefit should be paid to the heirs at law of the member.

That the defendant, Annie J. Straw, is the same person mentioned in said certificate as Annie J. Kasey. That at the time of the death of said Frank J. Kasey said Annie J. Straw was not actually dependent upon him for support.

The conclusions of law found in the decree are:

That Alvina Casey was never designated by said Frank J. Kasey as a beneficiary and has no right to said fund.

That Cynthia A. Kasey was never designated by said Frank J. Kasey as beneficiary. (*Note:* We call this a conclusion of law only out of greater caution, in the view that it may be considered tantamount to a finding that Cynthia A. Kasey could have no claim to the fund except as the assignee of Annie J. Straw, which, as will hereafter be seen, is contrary to a contention of said Cynthia A. Kasey. There is no dispute, however, of the proposition that no direction or order of Frank J. Kasey ever made Cynthia A. Kasey the beneficiary or changed in any way the original terms of the certificate.)

That at the time of the death of said Frank J. Kasey, although said Annie J. Straw was not actually depend-

ent upon him for support, she was entitled to support from him. That by securing a divorce from said Frank J. Kasey, she did not preclude herself from taking the fund mentioned in said certificate. That therefore she, as the designated beneficiary mentioned in said certificate, was entitled, from and after the death of said Frank J. Kasey, to receive and dispose of the fund in said benefit certificate mentioned.

The ordering clause of the decree adjudges and decrees that Alvina Kasey is not entitled to said benefit fund or any portion thereof; that said Cynthia A. Kasey is entitled to said fund, and that the clerk of the court pay to her or to her solicitor the sum of three thousand nine hundred and eighty-four dollars and fifteen cents ($3,984.15) so paid over to him by the Royal League under the terms of the decree heretofore entered, and that the defendant Alvina Kasey take nothing by this suit.

It seems only necessary to add to this abstract of the decree, as a basis for the discussion of the contentions of the respective parties, a statement of the claim of Cynthia A. Kasey as made by her answer to the bill of interpleader, and of the circumstances of the assignment to her and of its proof.

The answer of Cynthia A. Kasey, filed March 16, 1907, after admitting the facts which were recited in the bill of interpleader substantially as found by the decree, avers that by operation of law under the provisions of the by-laws of the complainant, the amount of the benefit certificate was payable to her, Cynthia A. Kasey, as the only heir of the deceased, Frank A. Kasey.

Annie J. Straw and Alvina Kasey each claimed the fund for herself by her answer. Annie J. Straw's answer was filed contemporaneously with her daughter's on March 16, 1907; Alvina Kasey's two days later, on March 18, 1907.

The order allowing the Royal League to pay the fund into court was made with the consent of all the

parties on June 20, 1907, after which, on the same day, the cause proceeded to hearing before the chancellor on the respective claims of Annie J. Straw, Alvina Kasey and Cynthia A. Kasey, who were each represented by counsel.

A stipulation of facts signed by the respective solicitors for the three claimants was read to the court, and thereupon, after argument of counsel, the court continued the cause for further hearing.

On July 11, 1907, both Annie J. Straw and Cynthia A. Kasey amended their answers, each amendment setting up the fact that on June 28, 1907, Annie J. Straw assigned her right, title and interest in the certificate in question and all rights and benefits that might accrue under any decree in the suit to Cynthia A. Kasey, and containing a copy of said assignment signed by Annie J. Straw, and expressed to be for the consideration of $1 and other good and valuable consideration.

On the 13th of July, 1907, leave was given to the solicitor of Alvina Kasey to file the written stipulation of facts which had been read at the hearing *nunc pro tunc* as of the date of that hearing, June 20, 1907, which was accordingly done.

The stipulation begins with the agreement that "all proper pleadings necessary to present the claims of the respective parties are and shall be considered as now on file, and that on the trial of the issues presented by the pleadings the following facts are admitted to be true and shall be received and considered as if testified to by competent witnesses."

September 16, 1907, Alvina Kasey filed "answers to the amendments" of Annie J. Straw and Cynthia A. Kasey, which were filed July 11, 1907. These "answers" first denied the assignment and the execution of the same by Annie J. Straw, and then alleged "that on the 20th day of June, 1907, the said Annie J. Straw, Cynthia A. Kasey and this defendant, Alvina Kasey, stipulated with each other in writing that only those facts which were contained in said stipulation should

be presented to the court for its decision; that said stipulation was filed in said cause on the 20th day of June, 1907;  *  *  *  that upon the said stipulation and the facts therein contained, the cause was argued and partly presented to the court for its decision, and that the facts alleged in the amendment filed by said Annie J. Straw on July 11, 1907, are not contained in or referred to by said stipulation. By reason whereof, the defendant, Alvina Kasey, alleges the said Annie J. Straw is estopped from setting up or proving the facts alleged in her said amendment of July 11, 1907, and the defendant, Alvina Kasey, claims the same benefit of the answer as if she had demurred to the amendment.''

After these answers, the cause coming on again for a continuance of the hearing, the assignment in question was offered in evidence and the signature proven. Whereupon it was objected to by counsel for Alvina Kasey on the ground that by the stipulation of facts on file it was agreed that all the pleadings necessary to present the facts and issues in the case should be considered on file as of the date of that stipulation, and that the hearing of the cause should be on the facts submitted in that written stipulation.

The court admitted the assignment in evidence over objection. No other evidence than that pertaining to the assignment and that contained in the stipulation of facts was heard.

The final decree here appealed from was entered on said 16th day of September, 1907.

The appeal is taken by Alvina Kasey, Cynthia A. Kasey being named as appellee in the appeal bond, and the assignments of error contain these points:

That the decree is contrary to the evidence; that it is based on evidence improperly admitted and considered; that it is erroneous in finding that at the time of the death of Frank J. Kasey his divorced wife, Annie J. Straw, was entitled to support from him; that it is erroneous in finding that by securing a di-

vorce from Frank J. Kasey, Annie J. Straw did not preclude herself from taking the fund mentioned in said certificate, and was therefore, as the designated beneficiary in said certificate, entitled to receive and dispose of the said fund; that it is erroneous in finding that since the death of said Frank J. Kasey, and the bringing of the suit, Annie J. Straw had assigned all her interest in the certificate and fund to Cynthia A. Kasey; that it is erroneous in finding that Alvina Kasey was never designated by said Frank J. Kasey as beneficiary, and erroneous in finding that Cynthia A. Kasey was and Alvina Kasey was not entitled to the fund, and adjudging that the amount of it should be paid to Cynthia A. Kasey, and that Alvina Kasey should take nothing by the suit.

BURTON & KANNALLY, for appellant.

J. L. BAILEY, J. R. GUILLIAMS and MILLARD R. POWERS, for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

The counsel for the appellant in this case, Alvina Kasey, in an able and ingenious argument, first address themselves to the proposition that Annie J. Straw is ineligible to take the fund which is the proceeds of the benefit certificate involved, and is now in the hands of the court. They then proceed, having, as they claim, disposed of the pretentions of Annie J. Straw, to inquire whether Alvina Kasey should not be held entitled to it.

But we think the proper consideration of this case requires a reversal of this order of discussion.

The fund has been paid into court by the Royal League in accordance with an order based on the prayer of its bill. Whether the interpleading proceedings proceeded in the most artificial manner according to the formerly recognized rule of equity prac-

tice and procedure, may be doubted; but no question was made of this, and indeed we regard the preface to the stipulated statement of facts to have been intended to provide that the answers of the respective parties to the bill of interpleader should be considered and taken as their affirmative pleadings or bills demanding against the other claimants, as defendants, the fund in question. Alvina Kasey's answer, then, was in essence her bill against the Royal League, Annie J. Straw and Cynthia A. Kasey. The essential findings of the decree, so far as she was concerned, except the preliminary ones about the issuance of the certificate, were only that Frank J. Kasey was lawfully married to her on January 21, 1906, that they lived together as husband and wife until the death of Frank J. Kasey on December 5, 1906, that she as his widow survives him, that she was made a party to the bill of interpleader, that she answered the bill, claiming the money involved, that the by-laws of the Royal League provided a method of changing the designated beneficiary, and that she was never designated by Frank J. Kasey as a beneficiary and has no right to the fund.

The ordering part of the decree which affects her, is "that Alvina Kasey is not entitled to said benefit fund or any portion thereof," "and that the defendant Alvina Kasey take nothing by this suit."

In other words, the situation made by the decree is tantamount to a dismissal of an original bill by her for want of equity, and relief against other persons granted to a defendant in that bill who had filed a cross-bill. Each answer to the bill of interpleader was equivalent not only to an original bill, but also to an answer to bills of the other defendants and a cross-bill in behalf of the defendant who signed it.

Alvina Kasey having been thus dismissed out of court has appealed. Manifestly, the only question with which she is concerned is whether her claim was

properly disposed of by the decree. If it was, she has no longer any interest in the fund or the litigation.

If between the other claimants to the fund, or between any one of them and the original party who asked for an order of interpleader, there was error committed by the decree, it was error immaterial to her.

If the fund should have been given to her, she has just cause of complaint; if not, it is no concern of her's to whom the court below decreed it as between the other claimants, and in the absence of any appeal or cross-error by any one of the other parties, no concern of this court.

Such being our view, the question before us is whether the benefit certificate in question can be held payable to "Alvina Kasey, wife," when by its terms it is payable to "Annie J. Kasey, wife." Counsel for Alvina Kasey insist that it can and should be so held because the word "wife" must be considered the essential and abiding part of the certificate, which is to speak as at the time of the death of the member. The name, they say, should be considered as the mere designative description, which may and should be held of lesser and uncontrolling importance. That this is so, they claim, is shown by inference from the intentions which can be gathered from the object and purposes of the League as shown by its certificate of incorporation and the changes made in. its objects after its institution, by its constitution and laws, and by the order in which the allowed beneficiaries are enumerated, and also by the form of the application of Frank J. Kasey for the privileges of membership, and the order in which he therein placed the words. The certificate is payable to "Annie J. Kasey, wife;" the application, however, orders the benefit paid to "wife, Annie J. Kasey;" and counsel argue "Annie J. Kasey" is "in apposition to 'wife' "—the relation being the essential thing, and the use of the words "Annie J. Kasey" being merely a description of that

relation. This is confirmed, they say, by the fact that the laws of the state and of the order which allow and indeed prefer the actual wife or widow as a beneficiary, do not allow a divorced wife who is not dependent (that being the status of "Annie J. Straw" formerly "Kasey") at the time of the death of the member—when the certificate speaks—to be such a beneficiary.

The argument is well and strongly put, but it does not convince us. If the name were a mistake, if there had been no such person as Annie J. Kasey occupying the relation of wife to Frank J. Kasey when the certificate was applied for and issued, or even had the deceased after the divorce shown in any manner an intention or wish to change the provision and alter the beneficiary, the question would have been different. But his intention to name as his beneficiary not merely his "wife," but the particular person who was his wife at the time he made the application, and to order the benefit paid to "Annie J. Kasey, wife," seems clear; and the facts that the divorce was for his fault, that he had an infant daughter whom he allowed his divorced wife to support entirely after four months from the divorce, never contributing anything to the support of either mother or daughter after that time, but, as it would appear, retaining his membership in the Order, although his former wife, for whose benefit the certificate was issued, had possession of it (for although the stipulation only admits that at the time of making it Annie J. Straw had possession of it, there is no suggestion that this possession did not date from before the divorce), would seem to us to point strongly to the inference that he preferred to leave this fund for the benefit at least indirectly of the child for whom he was responsible, than to his second wife, whom it was easy to have made the beneficiary had he been so disposed.

Whether, however, this be so or not, and whether he could, by any intention, action or want of action of his, have enabled Annie J. Straw to remain a beneficiary

after she had ceased to be of any one of the classes from which beneficiaries could be named, are really immaterial questions, when the issue is whether Alvina Kasey is such beneficiary.

If she be not, she cannot take this fund, and the decree as to her is correct, and it is not necessary to discuss the conflict of authority as to whether the validity of the original designation of the beneficiary as Annie J. Kasey, now Straw, resulted in its continuing valid after the divorce. We may, in such case, assume that the doctrine of Tyler v. Odd Fellows, etc., 145 Mass. 134, is correct, and that it is adopted in this state by the decision and opinion in Murphy v. Nowak, 223 Ill. 311, "that a person cannot take as beneficiary unless he falls within one of the designated classes at the time of the death of the member," without its affecting the proper disposition of the case at bar.

We think that Alvina Kasey was not the beneficiary at any time; that the court below rightly so held, and that she could take nothing by her claim on the funds set forth in her answer to the bill of interpleader, nor by her appeal here.

As before noted, it is our opinion that this disposes of the contentions in which she had any interest, and that it is not necessary to pass on the assignments of error on the decree, which simply question the correctness of the findings concerning the right of Annie J. Straw to support from her former husband at the time of his death, or her right to dispose of the fund in question, or the right of Cynthia A. Kasey to the same. If those findings are erroneous, the errors do not concern appellant.

It may, however, be more satisfactory to the parties if we briefly state our view of them. Assuming that Annie J. Straw, as counsel claim, withdrew herself from the class of possible beneficiaries when she procured the divorce, and that she was not entitled to receive the fund, and that the doctrine of Tyler v. Odd Fellows Assn., 145 Mass. 134, and Order of Railway

Conductors v. Koster, 55 Mo. App. 186, goes to the full extent claimed by appellant and that it was adopted in Murphy v. Nowak, 223 Ill. 301, we do not think that Cynthia A. Kasey's right to this fund thereby falls.

It is true that the court below by its findings appears to rest the adjudication of the fund to Cynthia A. Kasey on the assignment of it to her by Annie J. Straw, but the ordering portion of the decree makes no mention of the capacity in which Cynthia A. Kasey is entitled to the fund; and, as we have indicated, our opinion is that in the absence of any appeal or cross errors or objection of any kind from Cynthia A. Kasey, she is entitled to an affirmance of the decree, whatever error immaterial to the appellant is found therein in its findings or in its reasons given for the ordering portion.

Assuming that neither Alvina Kasey nor Annie J. Straw was entitled to the fund at the time of Frank J. Kasey's decease, we think Cynthia A. Kasey was.

The certificate was made payable to Annie J. Kasey when she was not only the wife, but, as his wife, a dependent of Frank J. Kasey. There is no doubt that if she had remained a dependent she would have been an eligible beneficiary at the time of Frank J. Kasey's death. The court found that she was entitled to support from him at the time of his death, and presumably meant to imply that this made her a "dependent." But assume that she was not, that the stipulation of facts foreclosed the hypothesis that she was, and that the laws of the order that "no benefit shall be payable to any person upon the ground of dependency alone unless the dependency exists at the time of the member's death," is conclusive against her right to take as a dependent—what then becomes of the fund? The immediately succeeding words in the laws of the order seem to us to furnish the answer: "If at the time" (of the member's death) "the dependency has ceased, then such benefit shall be paid to

the heirs of the member." Annie J. Straw at the time of her designation under the name of Annie J. Kasey, was a dependent of the member; she ceased to be so before his death; the benefit should therefore be "paid to the heir of such member." Cynthia A. Kasey is the daughter and only heir of the member. Gauch v. St. Louis Mutual Life Ins. Co., 88 Ill. 251.

She belongs to a class eligible as beneficiaries. There is no reason why the fund should not be paid to her. It is by analogy certainly in accordance with the law of the state that it should be. Knights of Honor v. Menkhausen, 209 Ill. 277; Baldwin v. Begley, 185 Ill. 180; Alexander v. Parker, 144 Ill. 355; Palmer v. Welch, 132 Ill. 141.

We think that justice has been done, that probably the intention of the deceased has been carried out, and that at all events there is no error in the decree of which appellant can complain. It is accordingly affirmed.

*Affirmed.*