Royal League, Defendant in Error, v. Julia A. Kolin, Plaintiff in Error, and Robert Kolin et al., Defendants in Error.

Gen. No. 16,782.

1. FRATERNAL BENEFIT SOCIETIES—*what constitutes insurance contract.* The charter, constitution, by-laws of the order, the application, medical examiner's certificate signed by the member and the benefit certificate, constitute the contract between the member and the society.

2. FRATERNAL BENEFIT SOCIETIES—*what by-laws control benefit certificate.* Where a member of a beneficiary society agrees in a contract of insurance that he will conform to the laws, rules and usages of the society then in force or which may be adopted subsequently his benefit certificate is controlled by by-laws adopted after he becomes a member and which were in force at the time of his death.

3. FRATERNAL BENEFIT SOCIETIES—*when by-laws reasonable.* A by-law is reasonable which provides that in the event of the death of a member without designating a beneficiary the fund shall be payable to the heirs at law of the deceased member.

4. FRATERNAL BENEFIT SOCIETIES—*what does not operate to designate beneficiary.* Mere verbal statements by the deceased member as to who would get the proceeds of his certificate in the event of his death do not operate to determine who shall be the beneficiary thereof.

5. FRATERNAL BENEFIT SOCIETIES—*who heir at law within meaning of by-laws.* Held, that the son of the deceased member and not his wife was his heir at law and entitled to the proceeds of the certificate involved in this case by reason of the provisions of the by-laws of the society to the effect that in the event of the death of the member without designating a beneficiary the proceeds should be payable to the heirs at law of the deceased member.

Bill of interpleader. Appeal from the Superior Court of Cook county; the HON. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

F. J. KARASEK, for plaintiff in error; I. T. GREEN-ACRE, of counsel.

MANN & MILLER, ARTHUR J. DONOVAN and CHARLES J. GOULD, for defendants in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

The question presented in this case arises upon a construction of Section 13 of the 1896 Constitution and By-Laws of the Royal League, defendant in error, a fraternal beneficiary society. That section provides that in the event of the death of one or more of the beneficiaries designated by the member, in accordance with the laws of the order, before the decease of such member, if he shall have made no other or further disposition thereof, upon his death such benefit shall be paid in full to the surviving beneficiary or beneficiaries each sharing *pro rata* as provided in the benefit certificate. In the event of all the beneficiaries named in a benefit certificate dying before the decease of the member, and his failure to designate one or more new beneficiaries in the manner prescribed in these laws, the benefit shall be paid to the heirs at law of the member.

This question is presented upon a bill of interpleader filed by the Royal League, complainant, against Julia A. Kolin and Robert Kolin, defendants; and the decree entered in that proceeding awarding the benefits named in the benefit certificate to Robert Kolin, a minor son of Joseph Kolin, a deceased member of the Royal League, who at the time of his death was a member in good standing of the complainant, the Royal League, holding a benefit certificate for the sum of $4,000.

The benefit certificate in question was issued on April 11, 1895, to Joseph Kolin, who was then a member of the Royal League in good standing. Upon the face of the certificate the name of Anna Kolin, wife of said Joseph Kolin, appears as the beneficiary thereof. Anna Kolin, the beneficiary named in the certifi-

cate, died in 1895. There was born to said Joseph Kolin and Anna Kolin, his wife, in February, 1895, a son, Robert Kolin, defendant in error, and no other child or children. Joseph Kolin was again married on June 17, 1903, to Julia A. Kolin, plaintiff in error, his widow; of this marriage no children were born. Joseph Kolin died January 2, 1906, leaving him surviving Julia A. Kolin, his widow, and Robert Kolin, his son. Joseph Kolin did not after the death of his first wife, Anna, the named beneficiary, designate a new beneficiary. By the terms of his application for a benefit certificate and by the terms of that certificate it was issued subject to the constitution and by-laws of the order, and also to any amendments subsequently made to the constitution and by-laws. In 1896 the Royal League adopted the amendment to its by-laws above stated. Under this amendment Julia A. Kolin, the surviving widow, claims a part of the amount named in the benefit certificate as an heir of Joseph Kolin, deceased.

In order to settle the controversy thus arising between Julia A. Kolin and Robert Kolin, a son of deceased by his first marriage, the Royal League filed the bill of interpleader. Julia A. Kolin, plaintiff in error, seeks by this proceeding to reverse the decree.

Plaintiff in error files a brief containing many points and citing many authorities. No argument is presented on behalf of plaintiff in error other than the mere statement of the points in the brief. It is too well settled to necessitate citing authorities that the charter, constitution and by-laws of the order, the application, medical examiner's certificate signed by the member, and the benefit certificate, constitute the contract between the member and the beneficiary society; and it is equally well settled that where a member of a beneficiary society agrees in a contract of insurance that he will conform to the laws, rules and usages of the society then in force, or which may be adopted sub-

sequently, his benefit certificate or contract is controlled by by-laws adopted after he became a member and which were in force at the time of his death. It, therefore, follows that upon the death of Joseph Kolin the benefit provided for in the certificate held by him, his first wife, Anna Kolin, having died and he having failed to designate a new beneficiary, as provided in the by-laws, was payable to his heirs at law under the terms of the contract of insurance, provided the by-law making the benefit so payable was a reasonable by-law for the Royal League to enact. We see no reason for holding that the by-law in question was unreasonable. It was within the power of Joseph Kolin to have made a new designation as his beneficiary, if he chose, and to have fixed definitely the beneficiary to whom the fund should be paid upon his death. This he neglected or failed to do. If he never intended to make any change he allowed the money to become payable to his heirs at law upon his death. The alleged statements which he is shown to have made by the testimony of plaintiff in error as to who would receive the benefit upon his death, were immaterial and irrelevant, and cannot legally be considered in the decision of the question presented. The by-law being a reasonable one, as we think it is, and the fund falling within its operation to the heirs at law of Joseph Kolin, the only remaining question is,—who was the heir at law, or who are the heirs at law? While there is some question or doubt which may reasonably be suggested by some authorities in this state, we think it may be said to be the settled law of the state, that Joseph Kolin having died leaving him surviving his son, Robert Kolin, and no other child or children, Robert Kolin is the sole heir at law in both the technical and popular sense of the term. Gauch v. St. Louis Mutual Life Insurance Company, 88 Ill. 251; Royal League v. Kasey, 144 Ill. App. 1.

In our opinion the decree is correct and it is affirmed.

*Affirmed.*