CARR v. GRAND LODGE, UNITED BROTHERS OF FRIENDSHIP OF TEXAS, et al. (No. 614.)

(Court of Civil Appeals of Texas. El Paso. Nov. 9, 1916. Rehearing Denied Nov. 28, 1916.)

1. PLEADING ☞360(2)—MOTION TO STRIKE—TIME.

A motion to strike supplemental answers of named defendant on the ground that in their preparation the named defendant acted in collusion with plaintiff's attorneys to the prejudice of defendant making the motion, filed after all parties had announced ready for trial, after all exceptions and objections to the pleadings had been argued and overruled, the jury had been selected, impaneled, and sworn, and plaintiffs had rested their case on the pleadings, came too late.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1130; Dec. Dig. ☞360(2).]

2. EVIDENCE ☞208(6), 263(4)—ADMISSION — SUPERSEDED PLEADINGS—ADMISSIBILITY.

In an action for fraternal insurance, defendant's original answer, containing admissions of relevant issues, was admissible, but open to explanation or contradiction like other admissions.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 718, 719, 1026, 1027; Dec. Dig. ☞208(6), 263(4).]

3. INSURANCE ☞819(1) — FRATERNAL INSURANCE—SUFFICIENCY OF EVIDENCE.

In an action for fraternal benefit insurance, where it was undisputed that no certificate had been issued as provided by the constitution and by-laws, naming plaintiff beneficiary, and an admission that plaintiff had been so named in a defendant's original answer being satisfactorily explained, evidence held insufficient to support a finding that plaintiff was named as beneficiary in the obligation when deceased joined the lodge.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2006; Dec. Dig. ☞819(1).]

4. INSURANCE ☞777—FRATERNAL INSURANCE—DESIGNATION OF BENEFICIARY.

Where the constitution and by-laws of defendant fraternal insurance association provide

for the appointment of beneficiaries by issuance of certificate, oral statements and declarations of the insured as to who would receive the benefit on her death are immaterial and irrelevant, and do not constitute a legal designation.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1944; Dec. Dig. ☛777.]

5. INSURANCE ☛778—FRATERNAL INSURANCE —BENEFICIARY—STATUTE.

Under Rev. St. 1911, art. 4832, providing that the payment of death benefits shall be confined to wife, husband, relative by blood to fourth degree ascending or descending, or to a person dependent upon the member, that each member shall have right to change beneficiary, and that no beneficiary shall obtain a vested interest until payable on death of member, etc., and constitution and by-laws of defendant providing that order of beneficiaries shall be the wife, the husband, etc., or if unmarried and has named some other person, may, on becoming married, change the beneficiary to wife or husband, where no benefit certificate has ever been issued to a member, the payment of death benefits should be made to her husband, and a relative whom she had intended to make a beneficiary had no claim.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1945; Dec. Dig. ☛778.]

Appeal from Anderson County Court; E. V. Swift, Judge.

Action by Irene Browning and another against the Grand Lodge, United Brothers of Friendship of Texas, and another. From a judgment for the plaintiffs against the named defendant, and against the defendant C. F. Carr on his cross-action, the defendant C. F. Carr appeals. Reversed and rendered for C. F. Carr on the cross-action.

Kay & Seagler, of Palestine, for appellant. Funderburk & Strickland and E. T. McCain, all of Palestine, for appellees.

WALTHALL, J. Appellees, Irene Browning and husband, Thomas Browning, brought this suit in the county court at law of Anderson county against appellees, Grand Lodge, United Brothers of Friendship of Texas, and C. F. Carr, to recover of the Grand Lodge the sum of $400, alleged to be due appellees on a contract of insurance of Freddie L. Gardner, afterwards Freddie Gardner Carr, and to preclude said C. F. Carr in his claim for said insurance money.

The Grand Lodge answered, not denying the indebtedness, expressed a willingness to pay the sum claimed to the person or persons entitled to receive same, but that, by reason of the facts pleaded, was unable to decide as between Irene Browning and C. F. Carr until their respective claims had been decided so as to protect the lodge from further liability. Appellant Carr answered urging general and special exceptions, and, by cross-action, asserted claim to the said sum of money. The opposing claims are substantially as follows:

Under the constitution and by-laws of the said Grand Lodge, constituting a part of the contract of insurance, a designated beneficiary, i. e., one holding a benefit certificate,

was an essential element; that the obligation in the insurance contract to pay the insurance money was contingent upon there being a designated beneficiary; when Freddie L. Gardner became a member of the subordinate lodge, it is the claim of the Brownings that she had issued to her a benefit certificate with Irene Browning named as beneficiary written therein; that if such benefit certificate with the name of Irene Browning as beneficiary was not in fact issued, the Grand Lodge recognized the existence and validity of the insurance contract by keeping accounts with the insured for dues and assessments paid, receipting for same and retaining said dues and assessments, and is estopped to deny the existence of such benefit certificate or that it was never in fact issued; that the laws of the Grand Lodge make provision that a member being unmarried at the date of her membership and who, in her benefit certificate, may have named some person other than her husband, and who shall thereafter become married, may have her benefit certificate so changed as to designate her husband as her beneficiary, but unless such change shall be made during her lifetime, the amount due on her death shall be paid to the beneficiary named. Appellees Browning claimed that no change was made in the benefit certificate of Freddie Gardner during her lifetime.

Appellant Carr alleges his marriage with Freddie L. Gardner and her subsequent death; denies that a benefit certificate was ever issued to her; denies that she ever designated any one as the beneficiary of her insurance; alleges that the constitution and by-laws of the Grand Lodge provide that the beneficiary under the insurance provision shall be her husband; that should it be found that Freddie Gardner did designate some one other than her husband, C. F. Carr, as the beneficiary of her insurance, then he alleges that before her death, she went before the subordinate league of which she was a member, and in open session made the statement to the lodge that she wanted her insurance arranged so that it would be made payable to and go to her husband as her beneficiary, and that by so doing she designated her husband as her beneficiary; that from some cause not due to her negligence, she did not get a benefit certificate, and died without ever having received one.

On special issues, the jury found: First. Irene Browning was named as beneficiary in the insurance obligation when Freddie Gardner (afterwards Freddie Carr) joined the lodge. Second. Upon her marriage to Carr, Freddie Gardner Carr did not change the beneficiary in the insurance obligation to Carr. Third. Freddie Gardner Carr complied, as near as possible, with the constitution and by-laws of the lodge in making Irene Browning beneficiary. Fourth. Freddie Gardner did not comply, as near as

possible, with the constitution and by-laws of the lodge in changing the beneficiary from Irene Browning to C. F. Carr.

Upon the above findings, the trial court entered judgment in favor of appellees Browning, and against the Grand Lodge, and against appellant on his cross-action. From the judgment, appellant Carr alone prosecutes this appeal.

Appellant presents four assignments of error. The first ground of error is to the action of the court in overruling his motion to strike out the first three supplemental answers of the Grand Lodge, on the ground that in the preparation of said supplemental answers the lodge acted in collusion with the attorneys for the Brownings, and to his prejudice.

[1] The bill of exceptions taken to the order of the court overruling his motion recites that the motion was filed "after all parties plaintiffs and defendants had announced ready for trial, and after all exceptions and objections to the pleadings had been argued and overruled by the court, and after a jury had been duly selected, impaneled, and sworn, and after the plaintiffs had rested their case on the pleadings." We think the motion came too late. No reason is shown why the motion was not presented earlier. We do not pass upon the merits of the motion. Erwin v. City of Austin, 1 White & W. Civ. Cas. Ct. App. § 1037. The assignment is overruled.

[2] Appellant's second ground of error is directed to permitting the appellees Browning to introduce paragraph 4 of appellant's original answer, reading: "Said defendant admits the facts as set out in paragraph No. 4 of plaintiff's petition." The paragraph alleged in substance that Freddie L. Gardner contracted with the Grand Lodge that upon her death the lodge "would pay to Irene Browning the sum provided in the said constitution and laws of said order, subject to amendment of same, said plaintiff having been named as the beneficiary in said contract of insurance." In this we think there was no error. The abandoned or superseded pleading is admissible, but open to explanation or contradiction like other admissions. As said by the Supreme Court in H. E. & W. T. Ry. Co. v. DeWalt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877:

"It is sometimes the fact that allegations are made by the attorney drawing pleadings upon a misunderstanding of the facts and not by authority of the party, and this of course may be shown. * * * We think that pleadings which have been filed in court in behalf of a party should be, prima facie at least, regarded as authorized by him, and admissible against him, where they admit facts relevant to the issue."

Two relevant issues are referred to and admitted in the paragraph, viz. that a benefit certificate had been issued, and that Irene Browning was therein designated as beneficiary. Had there been no amended pleading, the court could not, properly, have heard ev-

idence contradicting the admitted facts, and, but for the further fact pleaded, that Freddie Gardner Carr had changed the beneficiary named, should have entered judgment without evidence in favor of appellees Browning. The assignment is overruled.

Appellant's third ground of error we copy: "The court erred in overruling the defendant C. F. Carr's motion for a new trial, because the verdict and finding of the jury to special issue No. 1 of the court's charge reading: 'Was Irene Browning named as beneficiary in the insurance obligation when Freddie Gardner (afterwards Freddie Carr) joined the lodge?' to which the jury answered 'Yes,' is not supported by the evidence, and is contrary to the evidence because the evidence is undisputed that there was no benefit certificate issued to said Freddie L. Gardner naming said Irene Browning as the beneficiary of her insurance; that the said Freddie L. Gardner never did make application to the defendant company or one of its local lodges or temples for a benefit certificate in favor of Irene Browning, but merely made some verbal declarations outside of the lodge meetings, and not in connection with the lodge work, that she wanted the said Irene Browning to have her insurance money in case of her death, and that these declarations were made before the said Freddie L. Gardner married the said C. F. Carr; that the provisions of the constitution and by-laws of the defendant company which require the insured to sign the insurance contract in the presence of the lodge or temple, and that the name of the beneficiary must be written in every benefit certificate issued, and that the insured must pay the sum of 50 cents in order to get the benefit certificate, were not complied with by the said Freddie L. Gardner in attempting to name the said Irene Browning as her beneficiary."

The fourth error assigned is:

"The court erred in rendering and entering judgment for the plaintiffs in this cause upon the answers of the jury to the special issues submitted to them by the court, for the reason that said judgment is not supported by the evidence and contrary to the law and the evidence herein, because the law of this state regulating fraternal insurance fixes the order of payment of benefits in the absence of a legal designation by the insured, and the husband is by law named first, and before cousin, in order in the designation by the statute; and the evidence in this case is undisputed and shows the following: That the said defendant C. F. Carr was the lawful husband of the said Freddie Gardner Carr at the time of her death; that the said Irene Browning was a cousin of the said Freddie Gardner Carr; that the said Freddie Gardner Carr never did make application to the officers of the lodge or local temple for a benefit certificate naming Irene Browning as the beneficiary; that the said Freddie Gardner Carr did, after her marriage to the said C. F. Carr, make application to the officers of the temple of which she was a member for a benefit certificate, naming her husband, the said C. F. Carr, as her beneficiary, and tendered the 50 cents fee for same; that there was not at any time a benefit certificate issued by said lodge to the said Freddie Gardner Carr, naming any one as the beneficiary of her insurance; that the constitution and by-laws of the defendant company provide that the insurance money on the death of a member shall be paid to the person or persons named in the benefit certificate of the deceased member, or to such persons as in the constitution and by-laws of said order are designated beneficiaries and in the order named; that the husband is named first and before the cousin in order in the designation by the constitution

and by-laws of defendant company of the order of beneficiaries; that the constitution and by-laws of defendant company provide that the contract of insurance of a member shall be signed by the insured in the presence of the lodge or temple before it shall be valid, and in force, and that the insured shall pay the lodge 50 cents for a benefit certificate before the same issues, and that said certificate shall be signed by the master and secretary of a lodge and the princess and secretary of a temple, and shall be forwarded to the Grand Secretary to be copied in his book; that the last-named provision of the said constitution and by-laws were not complied with by the said Freddie Gardner Carr in her attempt to name the said Irene Browning the beneficiary of her insurance; that none of the other provisions of the constitution and by-laws of the defendant company were complied with by the said Freddie Gardner Carr in her attempt to name the said Irene Browning as her beneficiary. Under the above facts, the defendant C. F. Carr says that the plaintiffs were not entitled to recover herein as a matter of law."

The third assignment challenges the sufficiency of the evidence to justify the submission to the jury of special issue No. 1 above set out. Article 1, § 2, of the constitution and by-laws of the Grand Lodge of the U. B. F. and S. M. T., in which order Freddie L. Gardner held her membership, provides:

"The object of this department shall be to create a fund for which * * * there shall be paid to the person or persons named in the member's certificate of membership (which is here termed benefit certificate) as beneficiary or beneficiaries such sum or sums of money as may be ascertained by the board of managers under the provisions of article 3, § 2, of these laws. The beneficiary or beneficiaries (except as stated in sections 3 to 8, inclusive, of this article) shall be the wife, the husband, etc. [naming the order of beneficiaries]."

Continuing, the article and section provides:

"The name or names of the beneficiary or beneficiaries shall be written in every benefit certificate issued."

Article 2, § 1, provides:

"All members of the U. B. F. and S. M. T. in good standing in Texas jurisdiction shall be and are hereby made holders of certificates of membership in the Texas Mutual Aid Department of the U. B. F. and S. M. T. But no member can be considered in good standing until the sinking fund of fifty cents has been paid, and no policy will be issued until it is paid."

Section 3 of the above article has reference to certificate stipulations, and provides:

"The following conditions shall be made a part of every beneficiary certificate and shall be binding on members, beneficiary or beneficiaries of this order: * * *
"Fifth. This certificate must be signed in the presence of the lodge or temple by the insured before it shall be valid and in force.
"Sixth. Each member who joins after September 1, 1907, shall pay fifty cents ($.50) for policy or benefit."

Article 3, § 4, provides:

"A member in good standing, being unmarried at the date of his or her membership, or at the date of his or her certificate, and who, in his, or her benefit certificate may have named, or designated some person or persons (other than the husband or the wife) as in section 2, art. 1, provided, and who thereafter shall become married, he or she may have his or her benefit certificate so changed as to name and 189 S.W.—33

designate his wife or her husband as the beneficiary of his or her choice, and unless such change shall be made during the lifetime of the member, the amount so promised by this order shall be paid to the beneficiary or beneficiaries named, or to those entitled to the same by inheritance, as in these laws prescribed and provided."

[3] The same section, continuing, prescribes that to effect the change the benefit certificate must be returned to the Grand Secretary with the desired change indorsed thereon and pay 25 cents, whereupon the old certificate would be canceled and a new one naming the new beneficiary inserted. We think we need not quote more of the constitution and by-laws of the order to show the view we entertain. It is quite clear that the Grand Lodge constitution and by-laws contemplate that a benefit certificate should be issued to the insured in which the beneficiary's name should be inserted, and that if no certificate is issued, the amount of insurance due on the death of the insured would be paid as provided in article 2, § 1, above quoted, that is to the wife, the husband, etc., in the order named. The jury found that Irene Browning was named as beneficiary in the obligation when Freddie Gardner joined the lodge. We find no evidence to support this finding. The issue as to whether any benefit certificate was ever issued to her at any time was not submitted to the jury. But assuming that the issue submitted necessarily included the finding that one was issued and that she was named as the beneficiary, what evidence supports the finding?

[4] Julia McClelland had been princess of the local temple for ten years, including the time when Freddie Gardner joined the order and held her membership. She states, among other things, that:

"There never was a certificate issued to Freddie Gardner. So far as I know she never called for a certificate before she married C. F. Carr. Yes, we had plenty of certificates at the time she joined."

Witness talked with her both before and after her marriage as to who would be her beneficiary. Before her marriage her intention was to make Irene Browning the beneficiary, and after marriage she expressed her wish in the open session of the lodge to make her husband her beneficiary. At that time the lodge had no blank certificates, and never had any previous to her death.

Estella Neely, the recording secretary of the local temple, was a member when Freddie Gardner joined and during her membership. She said:

"Freddie Gardner never did have a benefit certificate issued to her. * * * I never did hear her say whom she wanted as her beneficiary until after she married. The first time I heard her say anything about her beneficiary was on the 20th day of July, 1914, when she came before the lodge and stated that she wanted her husband, C. F. Carr, to be her beneficiary. The reason we did not make out a certificate then was because we did not have any blank certificates at that time; they had

not come. The next time she mentioned her beneficiary to me was some time after that, I think the next lodge day; she came to me at the foot of the stairs which lead up to the lodge room and handed me 50 cents, and told me to get her a certificate and fix it up with her husband as beneficiary. We had no lodge meeting that night, and I handed her back the 50 cents. I told her that as soon as the certificates came I would let her know. Freddie Gardner died November 9, 1914, and at the time of her death she had no certificate; I never spoke to her again about it after she offered me the 50 cents because the blank certificates never came, and we have never yet received them."

Irene Browning testified:

"I knew Freddie L. Gardner during her lifetime. She was my cousin. * * * Yes, Freddie told me before she joined the order that she was going to make me her beneficiary. She also told me after she joined that she had made me her beneficiary. She often told me that I would get her insurance money in case she should die. No, she never did have a benefit certificate. * * * No, I am not a member of that lodge. No, Freddie did not have a certificate in which I was named as beneficiary."

Thomas Browning testified:

"I heard Freddie Gardner say several times that she had made Irene her beneficiary."

Paragraph 4 of plaintiff's original answer, quoted and discussed under a former assignment, was offered as an admission or declaration of the fact there stated. The evidence in explanation of the admission, we think quite sufficient to destroy the probative force of the admission. From the evidence quoted above, and that was all the evidence offered on the issue as to whether a benefit certificate was ever issued to Freddie L. Gardner Carr before and after her marriage, we necessarily conclude that a benefit certificate was never issued to Freddie Gardner in which Irene Browning was named as beneficiary. If it could be said that a parol declaration of a member of a fraternal beneficiary association indicating the name of the desired beneficiary is sufficient, it would also be true that the name of that beneficiary could, in like manner, be changed and another be substituted, and by such methods the constitution and by-laws of the organization would be set at naught, and the association could never know to whom it would owe the insurance benefit. Unless the matter is controlled by the statute of this state hereinafter referred to, it might be, as said by the Appellate Court of Illinois, in Royal League v. Kolin, 169 Ill. App. 646, it was within the power of Freddie Gardner to have named Irene Browning as beneficiary, and to have made a new designation as her beneficiary if she had chosen to do so. But this she neglected and failed to do. The statements which she is shown to have made as to who would receive the benefit upon her death were immaterial and irrelevant, and cannot be considered in determining the beneficiary. Such parol declarations do not constitute a legal designation of the fund, made in the manner provided therefor in the laws of the order. Grand Lodge, A. O. U. W., v. Edwards et al., 111 Me. 359, 89 Atl. 147.

[5] It is our opinion that in the absence of any benefit certificate, the payment of the death benefits should be made to appellant, as provided by the laws of the order above quoted and article 4832, Revised Civil Statutes of this state, 1911. That article provides:

"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree ascending or descending, * * * or a person or persons dependent upon the member: Provided, that, if after the issuance of the original certificate the member shall become dependent upon the charity of an individual or of an institution, he shall have the privilege with the consent of the association, to make such individual or institution his beneficiary. Within the above restrictions, each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the association; and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of * * * said member: Provided, that any association may, by its laws, limit the scope of beneficiaries within the above classes." Grand Lodge, etc., v. Mackey, 104 S. W. 907.

The assignments 3 and 4 are sustained, and the case is reversed and here rendered for appellant on his cross-action.