### GRIGGS v. GRIGGS et al. (No. 1092.)

(Court of Civil Appeals of Texas. El Paso. April 1, 1920.)

Witnesses ☜159(8)—Testimony as to declarations of deceased insured inadmissible on question of undue influence.

In action on fraternal certificate involving dispute as to right to proceeds between insured's father, named as beneficiary at time of insured's death, and insured's surviving wife, who had previously been designated as beneficiary, and who contested the change of beneficiary upon ground of undue influence and fraud, testimony by wife as to statements by insured as to his reasons for changing beneficiary held inadmissible.

Appeal from District Court, Jones County; W. R. Chapman, Judge.

Suit by A. J. Griggs against Sudia Mae Griggs and the Sovereign Camp, Woodmen of the World. Judgment for first named defendant and plaintiff appeals. Affirmed as to the Sovereign Camp, Woodmen of the World; reversed and remanded as to the other parties.

Joe C. Randel, of Hamlin, for appellant.

Jno. B. Thomas and Walter S. Pope, both of Anson, for appellees.

HIGGINS, J. Appellant brought this suit to recover upon a life insurance certificate issued by the Woodmen of the World upon the life of Mack Griggs. The Woodmen of the World tendered into court the net proceeds of the certificate, and the suit resolved itself into a contest over the ownership of the fund between appellant, who was the father of Mack Griggs, and the surviving wife, Sudia Mae Griggs.

The beneficiary named in the original certificate was the wife of appellant and mother of the insured. Subsequently Mack Griggs married Sudia Mae Griggs. After his marriage he surrendered the original certificate, and in lieu thereof another was issued, naming Sudia Mae Griggs as the beneficiary. Subsequently the insured surrendered this certificate, and in lieu thereof procured the issuance of a new certificate, in which his father, the appellant, was designated as beneficiary. Shortly thereafter Mack Griggs died. For some time prior to his death Mack Griggs had been ill, suffering from tuberculosis. He left surviving a young child.

The wife attacked the validity of the proceedings whereby the last-mentioned change of beneficiary was made upon the ground that in procuring the change the deceased was influenced so to do by fraud practiced upon, and undue influence exercised over, him by the father, A. J. Griggs.

The issues of fraud and undue influence were submitted to the jury, and found in favor of Sudia Mae Griggs, and judgment was rendered in her favor for the fund.

Opinion.

Upon the trial Mrs. Griggs was permitted to testify that her husband told her he wanted to fix the policy so the baby would get half; that he said he had fixed it so the baby would get part of it, and she the.other part; also:

"Q. Did you have a conversation with him (meaning her husband) as to why he had done that (meaning why he had changed policy to A. J. Griggs)? A. Well, he said his father told him he thought he ought to make them over to him, because he said he would see me and the baby got the benefit of the policies as long as there was any of it, and he said I was young and didn't have much judgment about anything that way, and that is why he made it over."

These conversations with the.deceased and his declarations indicated were inadmissible, and the assignments, complaining of its admission are sustained. Grand Lodge, K. of P., v. Mackey, 104 S. W. 907; Carr v. Grand Lodge, United Brothers, 189 S. W. 510; Scott v. Townsend, 106 Tex. 322, 166 S. W. 1144.

Under other assignments complaint is made of the refusal of a peremptory instruction in favor of appellant; and the sufficiency of the evidence to. support the verdict and judgment is also presented.

Upon an examination of the statement of facts we find no evidence of fraud practiced

by appellant upon deceased whereby the latter was induced to make the change of beneficiary; nor is there any evidence of undue influence. The verdict upon those issues is wholly unsupported by the evidence. These assignments are also sustained.

Affirmed as to the Sovereign Camp, Woodmen of the World. Reversed and remanded as to the other parties.